REQUESTED BY: Senator Ed Schrock
You have requested an Attorney General's Opinion concerning a proposed amendment to LB 605 to permit use of a portion of the Ethanol Production Incentive Cash Fund (EPIC Fund) by the Governor for promotion of ethanol and travel to promote the use of ethanol in other states. You have not provided us with a copy of your proposed amendment. However, you have inquired whether there are any legal constraints on the expenditure of EPIC Funds for these purposes.
The EPIC Fund is established by Neb. Rev. Stat. § 66-1345
(1996), and it's authorized uses are set forth therein. Under current law, the EPIC Fund may be used only "to pay the credits created in section 66-1344 to the extent provided in this section." Neb. Rev. Stat. § 66-1345 (1). These credits are used to make production incentive payments to producers of ethanol in Nebraska who meet certain criteria.
Under Nebraska law, "the Legislature has plenary legislative authority limited only by the state and federal Constitutions."Lenstrom v. Thone, 209 Neb. 783, 789, 311 N.W.2d 884 (1981). "Unless restricted by some provision of state or federal Constitution, the legislature may enact laws and appropriate funds for the accomplishment of any public purpose. It is for the Legislature to decide in the first instance what is and what is not a public purpose. . .". Id.
The promotion of ethanol use in the manner outlined in your request arguably benefits the economy of Nebraska, and would almost certainly constitute a legitimate public purpose if so determined by the Nebraska Legislature. See State ex rel.Douglas v. Thone, 204 Neb. 836, 286 N.W.2d 249 (1979). Seealso Op. Atty. Gen. No. 92061 (April 16, 1992) (discussing the public purpose doctrine). Furthermore, the Governor clearly possesses sufficient authority to engage in such promotional/economic development activities. See Neb. Const. art IV, § 6.
Thus, provided that the pertinent statutory language is properly amended to authorize the contemplated additional uses of the EPIC Fund, we see no legal obstacle to the proposed amendment.[1]
Sincerely,
 Don Stenberg Attorney General
 Steve Grasz Deputy Attorney General
APPROVED BY:
Don Stenberg 
Attorney General
[1] We note that the question presented identified no specific legal concerns. Thus, our response is necessarily general in nature. We also received the opinion request late on Friday morning with a request for a response by noon the following Monday. Consequently, the legal research on this matter cannot be considered exhaustive.